IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DAVID LAMONT BELL, #1115935 § | |
| § | |
| V.   § | CIVIL ACTION NO. G-04-530 |
| § | |
| DOUG DRETKE, ET AL. § | |

**REPORT AND RECOMMENDATION**

Plaintiff David Lamont Bell, proceeding *pro se,* filed the instant complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore,

such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff complains that on November 26, 2003, he was not allowed to attend an "eve of Ramadan" religious service, and was also not served a "fasting meal" on this same date. He also notes that on November 21, 2003, he received a disciplinary case and was found guilty on November 25, 2003 of being in an unauthorized place. His punishment consisted of, *inter alia*, cell restriction. The response to his grievance states: "Per Administrative Directive (AD) 3.70, offenders in cell restriction shall not be allowed out of the cell to participate in attending church services in the chapel/gym."

The Constitution requires that an inmate be given a reasonable opportunity "to exercise the religious freedom guaranteed by the First and Fourteenth Amendment." *Cruz v. Beto*, 405 U.S. 319 n.2 (1972). An inmate retains his First Amendment right to the free exercise of his religion, subject to reasonable restrictions and limitations necessitated by penological goals. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Shabazz*, 482 U.S. 342, 349-50 (1987). Prison officials have a duty to accommodate inmates' religious beliefs unless there is a legitimate penological interest which prevents such accommodation. *See* P*owell v. Estelle*, 959 F.2d 22, 24 (5th Cir.), *cert. denied*, 506 U.S. 1025 (1992). If a prison regulation impinges on an inmate's First Amendment rights, the regulation is valid only if it is reasonably related to a legitimate penological interest. *Turner*, 482 U.S. at 87. In determining whether a regulation or policy is a valid restriction reasonably related

to a legitimate penological interest, the Court considers the following factors. (1) whether there exists a valid, rational connection between a restriction and the governmental interest invoked to justify it; (2) the availability of an alternative means to exercise the restricted right; (3) the impact on guards, other inmates, and the allocation of prison resources that would result from accommodating the asserted right; and (4) whether there are ready alternatives to the restriction. *Turner*, 482 U.S. at 89-91; *Adkins v. Kaspar*, 393 F.3d 559, 564 (5th Cir. 2004).

There are over 145,000 inmates currently confined in TDCJ-CID, representing over 150 different religious faiths. While TDCJ-CID tries to accommodate inmates' religious needs, it must take into account the orderly administration of prison and its resources while not giving any single inmate or group of inmates preferential treatment. In this case, Plaintiff received a disciplinary case for being in an unauthorized place. If prison officials were to make an exception to his cell restriction punishment and allow Plaintiff to leave his cell to attend a ceremony marking the end of a religious holiday, then special accommodations would have to be made to provide extra security personnel to escort the Plaintiff from his cell to the service, wait with him during the service and escort him back to his cell. If TDCJ-CID were to grant one inmate's request for an exception to his disciplinary punishment, numerous inmates would request similar privileges.

The Fifth Circuit has upheld the constitutionality of TDCJ's religious accommodation policy as rationally related to legitimate governmental interests, and has specifically held that prison staff limitations are valid penological interests. *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 381 (2004). Plaintiff does not assert that Defendants denied or restricted his right to practice his religion in his cell, or that he had no other alternative means of practicing his religious faith on this one day. Nor has he pointed to some obvious regulatory alternative that fully

accommodates his asserted rights while not imposing more that a *de minimis* cost to TDCJ-CID's valid penological goal of maintaining prison security and discipline and remaining within its personnel restraints, and nondiscriminatory policy. Plaintiff has wholly failed to show that his right to freely exercise his religion was violated.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice for failure to state a claim for which relief can be granted**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **November 9, 2006,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the _____23rd_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge